***NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER***

**Electronically Filed**
**Supreme Court**
**SCWC-19-0000522**
**04-APR-2023**
**07:53 AM**
**Dkt. 36 SO**

SCWC-19-0000522 and SCWC-20-0000478

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

MTGLQ INVESTORS, L.P.,
Respondent/Plaintiff-Appellee,

vs.

ASSOCIATION OF APARTMENT OWNERS OF ELIMA LANI CONDOMINIUMS,
Petitioner/Defendant-Appellant,

and

NOAH HENRY CLIFFORD; THE BANK OF NEW YORK MELLON, formerly known as THE BANK OF NEW YORK, as Successor Trustee to JPMORGAN CHASE BANK, N.A., as Trustee on behalf of THE CERTIFICATEHOLDERS OF CWEHQ, INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2005-F; and WAIKOLOA VILLAGE ASSOCIATION,
Respondents/Defendants-Appellees.

---

CERTIORARI FROM THE INTERMEDIATE COURT OF APPEALS
(CAAP-19-0000522, CAAP-20-0000478; CASE NO. 3CC17100299K)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, and Eddins, JJ., and Wilson, J., assigned by reason of vacancy[1])

---

[1] See Order of Designation filed on March 29, 2023, in SCMF-23-0000218.

## I.    INTRODUCTION

This case is brought by Association of Apartment Owners of Elima Lani Condominiums (AOAO), the same condominium association that brought suit in Nationstar Mortgage, LLC v. AOAO, No. SCWC-18-0000475, 2023 WL 2519855 (Haw. Mar. 15, 2023). The facts of this case are similar to Nationstar, and as set forth below, we reach the same result here.

## II.    BACKGROUND

After recording a notice of default and intention to foreclose on the property's owner for unpaid assessments and costs, AOAO acquired the property by quitclaim deed filed July 27, 2015 after a non-judicial foreclosure sale. On September 27, 2017, MTGLQ Investors, L.P. (MTGLQ) filed a complaint in the Circuit Court of the Third Circuit for foreclosure of the property. In response, AOAO denied that its interest was junior to MTGLQ's and alleged that the original property owner owed it $35,079.61 in delinquent assessments as of July 27, 2015.

On October 29, 2018, MTGLQ moved for summary judgment and an interlocutory decree of foreclosure. It asked that a commissioner be appointed to take possession of the property, rent it out, and sell it. AOAO objected to MTGLQ's request for possession and rents. It argued that Hawaiʻi Revised Statutes

(HRS) § 514B-146(n) (Supp. 2015) referenced "any excess rental income received by the association" after a bank foreclosure, which meant the statute "clearly contemplated and accepted" that the association would continue in possession and collect rents.[2] On June 17, 2019, the court granted summary judgment in favor of MTGLQ and an interlocutory decree of foreclosure, and appointed

---

[2] HRS § 514B-146(n) was numbered as HRS § 514B-146(k) before the statute was renumbered in 2018, and it is referred to as HRS § 514B-146(k) in the briefing. See 2018 Haw. Sess. Laws Act 195, § 4 at 672. Because there was no change to the substance of the statute, we refer to the current numbering, HRS § 514B-146(n), throughout. See id. HRS § 514B-146(n) provides:

> After any judicial or nonjudicial foreclosure proceeding in which the association acquires title to the unit, any excess rental income received by the association from the unit shall be paid to existing lien holders based on the priority of lien, and not on a pro rata basis, and shall be applied to the benefit of the unit owner. For purposes of this subsection, excess rental income shall be any net income received by the association after a court has issued a final judgment determining the priority of a senior mortgagee and after paying, crediting, or reimbursing the association or a third party for:
> (1) The lien for delinquent assessments pursuant to subsections (a) and (b);
> (2) Any maintenance fee delinquency against the unit;
> (3) Attorney's fees and other collection costs related to the association's foreclosure of the unit; or
> (4) Any costs incurred by the association for the rental, repair, maintenance, or rehabilitation of the unit while the association is in possession of the unit including monthly association maintenance fees, management fees, real estate commissions, cleaning and repair expenses for the unit, and general excise taxes paid on rental income;
> provided that the lien for delinquent assessments under paragraph (1) shall be paid, credited, or reimbursed first.

3

a commissioner to take possession and collect rents.[3] AOAO filed a timely notice of appeal.

In a report dated January 21, 2020, the Commissioner stated that he had conducted a public auction of the property and recommended the court confirm the sale. He attested that he had collected $3,275.00 in total rents for the months of August, September, and October 2019, and that the tenant had vacated on November 1. The court confirmed the sale and awarded the rent to MTGLQ on June 12, 2020. AOAO filed another timely notice of appeal from this judgment.

The ICA consolidated both of AOAO's appeals for disposition, and affirmed both the interlocutory decree of foreclosure and the judgment confirming the sale. It found that the circuit court's order that the Commissioner should possess, rent, and sell the property was not in error because AOAO's rights in the property were foreclosed by the foreclosure judgment. The ICA then rejected AOAO's interpretation of HRS § 514B-146(n), quoting its holding in Bank of N.Y. Mellon v. Larrua that the statute addresses "how an AOAO must utilize any rental income it receives" but it "does not, however, necessarily entitle an AOAO to receive such rental income" following a

---

[3]     The Honorable Melvin H. Fujino presided.

4

mortgagee's foreclosure.  150 Hawai'i 429, 443—44, 504 P.3d 1017, 1031—32 (App. 2022).

### III. DISCUSSION

This case raises the same two questions of law as Nationstar: (1) whether, under our precedents, a foreclosed owner (in this case, the association) is entitled to exclusive possession and rents after the entry of summary judgment and an interlocutory decree of foreclosure, but prior to the confirmation of sale; and (2) if not, whether HRS § 514B-146(n) entitles the association to rents accruing during this period, or some portion of them.  Nationstar, 2023 WL 2519855, at *5.

With respect to the first question, we hold here, as in Nationstar, that AOAO's right to rents and possession was terminated by the foreclosure judgment.  See id.  Unless provided otherwise by statute, AOAO was not entitled to rent or possession after the circuit court entered summary judgment in favor of MTGLQ.  Id.  In Nationstar, we affirmed the following holding of the ICA, which was based on Larrua:

> [U]nder Hawai'i law, it is well-established that a judgment entered on a foreclosure decree is a final determination of the parties' rights in the subject property – in other words, the property owners' rights in the property are foreclosed, notwithstanding that further proceedings are necessary to enforce and otherwise effectuate the foreclosure decree and judgment.

Id. at *6 (alteration in original) (quoting Larrua, 150 Hawai'i at 439, 504 P.3d at 1027).

We further explained that proceedings that follow the judgment, such as confirmation-of-sale proceedings, "are treated as incidental to enforcement of the foreclosure judgment." Id. (quoting Mortg. Elec. Registration Sys., Inc. v. Wise, 130 Hawai'i 11, 19, 304 P.3d 1192, 1200 (2013)). And, as an equitable remedy designed to preserve the status quo and protect a lender's collateral, "Hawai'i courts may authorize a commissioner to take possession and collect rents where the collateral is inadequate to satisfy a mortgagee." Id. In sum, the appointment of a commissioner cuts off the prior owner's possession, and AOAO was not entitled to continue possession and collection of rents after the Commissioner's appointment. See id. at *6—7.

With respect to the second question, we interpret HRS § 514B-146(n) to apply to rental income received by the association after a mortgagee's subsequent foreclosure, whether or not a commissioner is appointed. Id. at *8. The statute entitles the association to such income, however collected, but only to the extent it does not exceed the sum of the amounts listed in subsections (1) through (4). Id. As we held in Nationstar:

> [I]n enacting HRS § 514B-146(n), the legislature intended for a foreclosing association to be able to collect what it was due and no more; hence, the association is to receive all rents short of "excess rental income." Accordingly, the statute calls for an accounting to take

6

> place upon confirmation.  The association must account for all rents from the time it foreclosed on the property.  If this amount exceeds the sum of the assessment and maintenance delinquencies, the costs of foreclosure, and the maintenance fees that accrued while the association was in possession, the AOAO is not entitled to retain rents accruing after the foreclosure.  However, if it still faces a shortfall even after the rent it collected, it may continue to collect rent short of "excess rental income." When a commissioner is in possession, the commissioner collects and holds the rent on behalf of the court, which will ultimately be distributed upon confirmation of the sale according to HRS § 514B-146(n).

Id. at *9 (citation omitted).

Here, the Commissioner collected $3,275.00 in rent for August, September, and October 2019.  Under Nationstar, AOAO may be entitled to all or some of the rent collected by the Commissioner after summary judgment, provided that it has not already recouped its losses through the rent previously collected.  Id. at *8—9.  We accordingly remand for the circuit court to allocate these rents according to HRS § 514B-146(n)(1)-(4) and our holding in Nationstar.

**IV.  CONCLUSION**

For the foregoing reasons, the circuit court's June 26, 2020 Order Confirming Foreclosure Sale, Approving Commissioner's Report, Allowance of Commissioner's Fees, Attorney's Fees, Costs, Directing Conveyance and for Writ of Ejectment and the ICA's June 3, 2022 Judgment on Appeal are vacated with regard to the allocation of rents collected by the Commissioner.  This case is remanded to the circuit court for

further proceedings specifically to determine what portion of the rents collected by the Commissioner after the circuit court's June 17, 2019 Amended Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment Against AOAO constituted excess rental income pursuant to HRS § 514B-146(n). Per that statute, AOAO is entitled to receive any portion of those rents that do not constitute excess rental income.

DATED: Honolulu, Hawai'i, April 4, 2023.

| | |
|---|---|
| R. Laree McGuire<br>for petitioner<br>Association of Apartment<br>Owners of Elima Lani<br>Condominiums | /s/ Mark E. Recktenwald<br><br>/s/ Paula A. Nakayama<br><br>/s/ Sabrina S. McKenna |
| Charles R. Prather,<br>Jason T. Cotton, and<br>Peter T. Stone<br>for respondent<br>MTGLQ Investors, L.P. | /s/ Todd E. Eddins<br><br>/s/ Michael D. Wilson |

